### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAIJON EDWARDS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-2705** |
| | : | |
| **LEHIGH COUNTY PRISON,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM OPINION

**GOLDBERG, J.**                                                           **OCTOBER 9, 2020**

Plaintiff Taijon Edwards, a pretrial detainee at Lehigh County Prison ("LCP"),[1] filed this

civil action pursuant to 42 U.S.C. § 1983 naming as Defendants LCP, Deputy Warden of Treatment

Steve Miller, Warden Kyle Russel, and "all personnel involved" in an incident in which Edwards

was placed on the same cell block as another inmate with whom he had a dispute.  Edwards seeks

to proceed *in forma pauperis* and has submitted a copy of his institutional account statement.  For

the following reasons, I will grant Edwards leave to proceed *in forma pauperis* and dismiss his

Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).

### I.    FACTUAL ALLEGATIONS

Edwards alleges that Defendants Miller and other unidentified Defendants acted with

deliberate indifference when they placed Edwards on the same cell block as Damian Ellerby, an

inmate with whom he was involved in a physical altercation.  (ECF No. 2 at 3.)[2]  It appears that

---

[1]     Although Edwards does not specify his status at LCP, a review of publicly available records
indicates that he is awaiting trial on firearms and drug charges.  See Commonwealth v. Edwards,
CP-39-CR-0005048-2019 (CP Lehigh).

[2]     I adopt the pagination supplied by the CM/ECF docketing system.

both individuals were placed in disciplinary segregation following the incident and released at the same time back to the same cell block.  Edwards asserts he told Defendant Miller he "had an enemy" after the first fight with Ellerby.  (Id.)  He also asserts "there was a separation placed" to keep them apart.  (Id.)  Once they were released back to the same cell block a second physical altercation occurred.  (Id. at 5.)

A correctional officer named Mark Jordan[3] allegedly told Edwards he notified his supervisor[4] and wrote an incident report prior to the first altercation but the unnamed supervisor told Jordan to "see it play out instead of stepping in and separating us."  (Id. at 4.)  Edwards asserts he was released from disciplinary segregation at the same time as Ellerby "to see what would happen between the two of us," which he alleges demonstrates the Defendants were deliberately indifferent to his safety.  (Id.)

Edwards also asserts that "it feels like the prison is starting to use retaliation methods due to the fact that I warned them that I would be filing a 1983 civil suit."  (Id. at 6.)  He also believes unnamed LCP personnel are "messing" with his mail and using disciplinary measures to retaliate for his filing civil rights claims.  (Id.)  Edwards seeks money damages of $5 million, placement in the general population, and an order that Miller be removed from the treatment team at LCP.  (Id. at 3.)

## II.     STANDARD OF REVIEW

I grant Edwards leave to proceed *in forma pauperis* because it appears that he is incapable

---

[3]  Jordan is not named as a Defendant in this action.

[4]  Edwards does not identify Jordan's supervisor by name and does not name this supervisor as a Defendant.

of paying the fees to commence this civil action.[5]   Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires a court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires a court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  Id.  As Edwards is proceeding *pro se*, I construe his allegations liberally.  Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. See Travaline v. U.S. Supreme Court, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, a court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." Garrett, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." Id. at 93-94.  The important consideration for a court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." Id. at 94.

---

[5]      However, because Edwards is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(b).

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  Id. at 93; see also Fabian v. St. Mary's Med. Ctr., Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  Garrett, 938 F.3d at 94 (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.   DISCUSSION

### A.   Claims Against LCP

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988). Edwards has named LCP as a Defendant.  Edwards's § 1983 claim against LCP is dismissed because a prison is not a "person" under Section 1983.  Cephas v. George W. Hill Corr. Facility, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); Miller v. Curran-Fromhold Corr. Facility, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing Mitchell v. Chester Cty. Farms Prison, 426 F. Supp. 271 (E.D. Pa. 1976).

### B.   Deliberate Indifference Claims

Edwards cites the Eighth Amendment as a basis for his constitutional claim.  However, the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005).  To establish a basis for a Fourteenth

4

Amendment violation, a prisoner must allege that his conditions of confinement amount to punishment. Bell v. Wolfish, 441 U.S. 520, 538 (1979). "Unconstitutional punishment typically includes both objective and subjective components." Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." Id. (internal quotations and alterations omitted). In general, to allege a sufficiently culpable state of mind a detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. See Wilson v. Seiter, 501 U.S. 294, 298-99 (1991); see also Wilson v. Burks, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)); cf. Edwards v. Northampton Cnty., 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees.") (internal citations omitted).

In the context of suits against prison officials for failure to protect an inmate from harm caused by other inmates, the United States Court of Appeals for the Third Circuit has stated that prison officials may be deliberately indifferent to a pervasive risk of harm to an inmate where: (1) the officials are warned by an inmate that the inmate is concerned about his safety and, (2) aware of the warning, the officials either do nothing or their response, if any, comes too late to be of any help to the inmate. See Young v. Quinlan, 960 F.2d 351, 361, 363 (1992) (superseded by statute on other grounds as stated in Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000)). In elaborating on the deliberate indifference standard in that situation, the Third Circuit stated that "a prison

official is deliberately indifferent when he knows or should have known of a sufficiently serious

danger to an inmate." Id. at 361.  Noting that the phrase "should have known" is a term of art, the

court went on to state that the phrase "should have known"

> [d]oes not refer to a failure to note a risk that would be perceived with the use of
> ordinary prudence.  It connotes something more than a negligent failure to
> appreciate the risk . . ., though something less than subjective appreciation of that
> risk.

Id. (citing Colburn v. Upper Darby Township, 946 F.2d 1017 (3rd Cir. 1991)).  Furthermore, the

"'strong likelihood' of [harm] must be 'so obvious that a lay person would easily recognize the

necessity for' preventive action." Young, 960 F.2d at 361, (citing Monmouth Cnty. Correctional

Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987)).  In other words, there must not only

be a great risk of injury, but it must also be so apparent "that a lay custodian's failure to appreciate

it evidences an absence of any concern for the welfare of his or her charges." Colburn, 946 F.2d

at 1025.

Edwards's allegation concerning the threat to his safety from being placed on the same cell

block as Ellerby is insufficient to state a plausible claim against the named Defendants under this

standard.  Other than his conclusory assertion that Russel and Miller acted with deliberate

indifference, which as noted is insufficient under Iqbal, the only substantive allegation Edwards

makes against a named Defendant is that he told Defendant Miller he "had an enemy" after the

first fight with Ellerby.  (ECF No. 2 at 3.)  This does not plausibly allege that Miller was

deliberately indifferent to a pervasive risk of harm since Edwards alleges nothing more than that

Miller failed to appreciate the risk of another altercation.

The balance of Edwards's allegations fail to identify discrete Defendants and the actions

taken by these Defendants in regard to his claim.  While he mentions that an unnamed supervisor

told a correctional officer to "see it play out instead of stepping in and separating us."  (Id. at 4),

6

and he and Ellerby were released back to the cell block at the same time "to see what would happen between the two of us," none of this conduct is attributable to a named Defendant. Edwards's attempt to include as Defendants of "all personnel involved" is insufficient under Rule 8 to put a defendant on sufficient notice to prepare their defense and also ensure that I am sufficiently informed to determine the issue.

I cannot, however, say at this time that Edwards can never allege a plausible claim based on a deliberate indifference theory. Accordingly, the claim will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and Edwards will be granted leave to file an amended complaint if he can cure the defects that I have identified in his claim.

**C.      Retaliation Claim**

Edwards's retaliation claim is also not plausible. In order to state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001); Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Coit v. Garman, No. 19-2580, 2020 WL 2125780, at *3 (3d Cir. May 5, 2020).

A prisoner's filing of a grievance or a lawsuit is constitutionally protected conduct. See Robinson v. Taylor, 204 F. App'x 155, 157 (3d Cir. 2006) (citing Mitchell, 318 F.3d at 530; Davis v. Goord, 320 F.3d 346, 35-53 (2d Cir. 2003)). However, Edwards does not make plausible allegations that the named Defendants caused him to suffer an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights or that his filing grievances or cases was "a substantial or motivating factor" for the named Defendants' conduct. Indeed, he

7

makes no retaliation allegation at all against Miller or Russel, and his naming "all personnel involved" is insufficient under Rule 8 for the reasons already stated.  Further, his retaliation allegations are entirely speculative since he only asserts that "it feels like" unnamed persons are retaliating against him, and merely "believes" LCP personnel are interfering with his mail and using disciplinary measures to retaliate for his filing civil rights claims.  Since Edwards fails to allege a specific act of retaliation and identify a person with a sufficiently culpable reason for undertaking an act of retaliation, his claim is not plausible.  Again, as I cannot say that Edwards can never allege a plausible claim, he will be permitted to file an amended complaint on this claim as well if he is able to cure the defects that I have identified.

## D.      State Law Claims

Edwards alleges that the Defendants acted recklessly and/or negligently in returning him to the same cell block as Ellerby.  To the extent that Edwards intended to raise state law claims based on these allegations, because I have dismissed Edwards's federal claims against all Defendants, I will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (quoting Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) and Zambelli Fireworks Mfg. Co. v. Wood,

592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. See Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  Pierro v. Kugel, 386 F. App'x 308, 309 (3d Cir. 2010).

A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006))).  Edwards has not alleged his own citizenship or those of the Defendants.  Because all parties appear to be Pennsylvania citizens, there does not appear to be a basis for diversity jurisdiction.  Accordingly, the state law claims will be dismissed without prejudice for want of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, I will dismiss Edwards's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  All claims against LCP are dismissed with prejudice. All state law claims are dismissed without prejudice for want of subject matter jurisdiction.  All federal question claims are dismissed without prejudice and with leave to file an amended complaint if Edwards is able to cure the defects in those claims that I have identified.

An appropriate Order follows.