IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAIJON EDWARDS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-2705** |
| | : | |
| **LEHIGH COUNTY PRISON,** *et al.*, | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 9th day of October, 2020, upon consideration of Plaintiff Taijon Edwards's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 3), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Taijon Edwards, #176223, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Lehigh County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Edwards's inmate account; or (b) the average monthly balance in Edwards's inmate account for the six-month period immediately preceding the filing of this case. The Warden of Lehigh County Prison or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Edwards's inmate trust fund account exceeds $10.00, the Warden of Lehigh County Prison or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Edwards's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this order to the Warden of Lehigh County Prison.

4. The Complaint is **DEEMED** filed.

5. All claims in the Complaint against Lehigh County Prison are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

6. The Clerk of Court is **DIRECTED** to terminate Lehigh County Prison as a defendant.

7. All federal claims in the Complaint are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

8. All state law claims in the Complaint are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

9. Edwards may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must include all claims Edwards seeks to assert and identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Edwards's claims against each defendant. Claims that are not included in the amended complaint will not be considered part of this case. The amended complaint must also provide as much identifying information for the defendants as possible. Edwards may refer to a defendant by last name only if that is the only identifying information possessed. If Edwards wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1] The

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Edwards may file. If he is unable to name at least

amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Edwards should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

10.     The Clerk of Court is **DIRECTED** to send Edwards a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Edwards may use this form to file his amended complaint if he chooses to do so.

11.     If Edwards does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  See Weber v. McGrogan, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); In re Westinghouse Sec. Litig., 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

---

one individual or entity in the amended complaint, Edwards may include the Warden of Lehigh County Prison as an additional defendant for the purposes of receiving service of process.

12. If Edwards fails to file any response to this Order, the Court will conclude that Edwards intends to stand on his Complaint and will issue a final order dismissing this case.[2] See Weber, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

[2] The six-factor test announced in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. See Weber, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the Poulis factors); see also Elansari v. Altria, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under Poulis is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  See Dickens v. Danberg, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the Poulis factors is not necessary.").